IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-CR-24-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| JESUS CERVANTEZ-RUIZ, | ) |
| | ) |
| Defendant. | ) |

ORDER

This matter came before the court for a preliminary examination of the government's motion for revocation of Defendant's supervised release [DE-35] and for a hearing on the government's motion to detain Defendant pending further proceedings. In support of its motion for revocation, the government offered the testimony of HSI Special Agent Thomas Swivel. Defendant presented the testimony of Mr. Benjamin Miday as a proposed third-party custodian.

On October 12, 2017, a Judgment of Conviction was entered against Defendant for illegal reentry of an aggravated felon, in violation of 8 U.S.C. § 1326(a) and (b)(2). [DE-32]. As part of his sentence Defendant was placed on supervised release for a term of 3 years, a special condition of which required him to remain outside of the United States if ordered deported. *Id.* at 6. According to the government, Defendant's term of supervised release commenced October 16, 2017 [DE-35] and he was deported from the United States in October 2017.

The government alleges Defendant has violated conditions of supervised release by engaging in criminal conduct. *Id.* In particular, the government alleges: (1) that Defendant was arrested in Bladenboro, North Carolina on March 19, 2018, without having obtained permission to re-enter the country from the Secretary of Homeland Security or the Attorney General of the United States, and (2) that Defendant has been charged with illegally re-entering the United States, in violation of 8

U.S.C. § 1326(a) and (b)(2), charges which are currently pending in the Eastern District of North Carolina (7:18-MJ-1075-RJ). *Id.*

Agent Swivel testified that, in March 2018, during the course of his investigation related to a Form I-9 Notice of Inspection of a business in Bladenboro, North Carolina, he observed Defendant in the vicinity of a business. Agent Swivel recognized Defendant from his prior investigation of Defendant, which ultimately resulted in Defendant being convicted of illegal re-entry into the United States and Defendant subsequently being deported to Guatemala in October 2017. At his March 2018 encounter with Defendant, Agent Swivel approached Defendant, showed him his credentials, asked Defendant his name, and asked where Defendant was born. Defendant responded that he was from Mexico. Agent Swivel then transported Defendant to the HSI Wilmington office, at which point Defendant's fingerprints were submitted to the FBI and ICE databases, resulting in a positive match for a previously-deported alien. Agent Swivel then advised Defendant of his *Miranda* rights, Defendant waived his rights in writing, and agreed to speak with Agent Swivel. Defendant admitted to being deported twice in the past, and stated that he returned to the United States without requesting permission from the Attorney General of the United States or the Secretary of Homeland Security to reenter the United States. The court finds Agent Swivel's testimony to be credible and sufficient to establish probable cause to support the government's motion for revocation of Defendant's supervised release.

Having considered the record pursuant to 18 U.S.C. § 3143(a)(1), the court finds Defendant has failed to establish by clear and convincing evidence that he will not pose a danger to the community as required by Fed. R. Crim. P. 32.1(a)(6), based on the following principal findings and reasons: (1) the strength of the government's case and the nature of the alleged violations, (2)

2

Defendant's criminal history, which indicates an irremediable pattern of conduct, and (3) other findings and reasons stated in open court. While the court has considered the testimony of Mr. Miday, Defendant's proposed third-party custodian, the court finds the risk of non-appearance outweighs such evidence.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, the 29th day of March 2018.

Robert B. Jones, Jr.,
United States Magistrate Judge